1  NATHAN B. CAMUTI (SBN 300568)
   nate@camutilaw.com
2  ANDREW R. COWAN (SBN 356310)
   andrew@camutilaw.com
3  CAMUTI LAW GROUP, APC
   33 Brookline
4  Aliso Viejo, CA 92656
   Telephone: 949.716.5565
5
   *Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OC MUSIC CENTER, LLC, a California limited liability company;<br><br>Plaintiff,<br><br>v.<br><br>OC MUSIC SHOP LLC, a California limited liability company; and JOSHUA KAUFMAN, an individual;<br><br>Defendants. | Case No.: 8:25-cv-02088<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>1. **UNFAIR COMPETITION UNDER 15 U.S.C. §1125(a)(1)(A)**<br>2. **FALSE DESIGNATION OF ORIGIN & FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a)(1)(B)**<br>3. **UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE §17200**<br>4. **COMMON LAW TRADEMARK INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff OC Music Center, LLC ("Plaintiff"), by and through its undersigned counsel, brings this action against Defendants OC Music Shop LLC ("OC Music Shop"), and Joshua Kaufman ("Kaufman") (collectively, "Defendants"), alleging the following:

**PRELMINARY STATEMENT**

1. This is an action for infringement of Plaintiff's common law trademarks for "OC MUSIC CENTER" ("Plaintiff's Mark") and for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of unfair competition under the statutory and common laws of the State of California, all arising from the Defendants' unauthorized use of marks confusingly similar to Plaintiff's Mark in connection with the manufacture, distribution, marketing, advertising, promotion, offering for sale, and/or sale of Defendants' goods and services.

2. Plaintiff seeks both injunctive and monetary relief.

**JURISDICTION**

3. This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332(a), 1338(a) and (b). This Court also has supplemental jurisdiction over Plaintiff's pendant state law claims under 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendants because Defendants have purposefully directed their unlawful and damaging commercial activity into the State of California and into this judicial district, and because Defendants' unlawful commercial activity in this judicial district has caused damage to Plaintiff. This Court has personal jurisdiction over Defendants under at least 28 U.S.C. § 1391(b)(2) in that Defendants have purposefully availed themselves of the laws of this jurisdiction. On information and belief, Defendant

1  Kaufman also resides in this judicial district, and Defendant OC Music Shop has
2  its principal place of business in this judicial district. As alleged more fully
3  herein, Defendants have marketed, offered for sale, and sold goods and services
4  under marks confusingly similar to Plaintiff's Mark, performing such services and
5  selling such merchandise within this judicial district, thereby committing acts of
6  infringement of Plaintiff's Mark. Defendants have diverted sales and have falsely
7  advertised both in this district and throughout the United States by utilizing marks
8  confusingly similar to Plaintiff's Mark in the marketing and distribution of
9  infringing products and services through the internet and in Defendants' physical
10 storefront. Because Defendants have performed, advertised, sold product within,
11 and provided services in this judicial district and reaped the benefit of its laws, it
12 does not offend traditional notions of fair play and substantial justice to hail
13 Defendants into this Court.
14       5.    Under 28 U.S.C. § 1391, the United States District Court for the
15 Central District of California is the appropriate venue for this action, because (1)
16 the claims at issue in this litigation arose in this district as a result of Defendants'
17 purposeful marketing, distribution, and sale of infringing products and services
18 into and from this judicial district, causing damage and injury to Plaintiff, its
19 brand, and its valuable intellectual property rights, and (2) because as described
20 above Defendants are properly subject to personal jurisdiction in this district.

21                                    **PARTIES**

22       6.    Plaintiff OC Music Center, LLC, is a limited liability company
23 organized under the laws of the State of California, and having its principal place
24 of business at 23642 Via Ortega, Trabuco Canyon, CA 92679.
25       7.    On information and belief, Defendant OC Music Shop LLC is a
26 limited liability company formed under the laws of the State of California and has
27 its principal place of business located at 31911 Dove Canyon Dr, Unit F, Trabuco
28 Canyon, CA 92679. At all relevant times, Defendant OC Music Shop LLC

1  directed and or participated in the tortious actions that have harmed Plaintiff as set forth herein.

8. On information and belief, Defendant Joshua Kaufman is an individual residing in the state of California within this judicial district. At all relevant times, Defendant Kaufman directed and or participated in the tortious actions that have harmed Plaintiff as set forth herein. On information and belief, Defendant Kaufman has a principal place of business located at 31911 Dove Canyon Dr, Unit F, Trabuco Canyon, CA 92679.

9. Whenever and wherever appearing in this Complaint, each and every reference to defendant, DEFENDANT, DEFENDANTS, and any of them, is intended to be and shall be a reference to all Defendants hereto, and to each of them, named and unnamed, including all fictitiously named Defendants, unless said reference is otherwise specifically qualified.

10. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and severally.

11. Plaintiff is informed and believes, and on that basis alleges, that Defendants' unlawful conduct delineated in this Complaint actually and proximately caused Plaintiff's damages, for which Defendants are jointly and severally liable.

12. Plaintiff is informed and believes and thereon alleges that at all times relevant herein, Defendants, each of them, were an owner, a co-owner, an agent, representative, partner, and/or alter ego of its codefendants, or otherwise acting on behalf of each and every remaining Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of their authorities as an owner, co-owner, an agent, representative, partner, employee, supervisor, and/or alter ego of its co-defendants, and at all times herein mentioned, working

in concert with his or her co-defendants and was acting with the permission, consent of, and ratification, in concert with, and in conspiracy with, each and every one of the remaining Defendants.

**FACTS**

**A. <u>Plaintiff's Business</u>**

13. Plaintiff and Plaintiff's predecessor in interest have utilized the mark "OC MUSIC CENTER" ("Plaintiff's Mark") in connection with musical instruments, musical instrument rentals, and rentals of studio space, among other goods and services ("Plaintiff's Products") for more than 14 years. Attached as Exhibit A is a true and correct screenshot of Plaintiff's website, demonstrating that Plaintiff's storefront was open and active at least as early as October 17, 2010.

14. Plaintiff has used Plaintiff's Mark in commerce continuously since at least as early as October 17, 2010, in connection with the manufacture, distribution, marketing, advertising, promotion, offering for sale, and/or sale of Plaintiff's Products. Attached hereto as Exhibit B is a true and correct screenshot of a representative sample of Plaintiff's Products as displayed on Plaintiff's website, showing Plaintiff's use of Plaintiff's Mark in connection with these goods and services.

15. As a result of Plaintiff's widespread, continuous, and exclusive use of Plaintiff's Mark to identify Plaintiff's Products and Plaintiff as the source of the goods and services offered under Plaintiff's Mark, Plaintiff owns valid and subsisting federal statutory and common law rights in Plaintiff's Mark.

16. Plaintiff's Mark is distinctive to both the consuming public and Plaintiff's trade.

17. Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the goods and services sold under Plaintiff's Mark, including through internet advertising and sales and through

charitable donations to local school groups. Plaintiff uses Plaintiff's Mark extensively in Plaintiff's marketing efforts.

18. Plaintiff offers and sells Plaintiff's Products under Plaintiff's Mark to consumers, including through a physical storefront and through internet commerce platforms.

19. As a result of Plaintiff's expenditures and efforts, Plaintiff's Mark has come to signify the high quality of Plaintiff's Products, and Plaintiff's Mark has acquired incalculable distinction, reputation, and goodwill in the community that belongs exclusively to Plaintiff.

20. Due to Plaintiff's many years of advertising and operation, Plaintiff's Mark has acquired distinctiveness in the minds of consumers, and consumers associate Plaintiff's Mark with Plaintiff as the source of the goods and services offered under Plaintiff's Mark.

### B. Defendant's Unlawful Activities

21. On information and belief, Defendants are engaged in providing, among other goods and services, musical instruments, instrument rentals, and rentals of studio space.

22. Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protectable rights in Plaintiff's Mark, Defendants adopted and began using the mark "OC MUSIC SHOP" ("Infringing Mark") in interstate commerce and within the local community.

23. In or around January, 2025, Defendants opened a physical storefront less than two miles from Plaintiff's location.

24. Defendants' storefront prominently displays the Infringing Mark. A true and correct copy of a screenshot from Defendants' Google business profile showing Defendants' use of the Infringing Mark is attached hereto as Exhibit D.

25. The Infringing Mark adopted and used by Defendants is practically identical to Plaintiff's Mark. The Infringing Mark differs from Plaintiff's "OC

MUSIC CENTER" mark only in that the final word is "SHOP." However, the term "SHOP" bears similar commercial meaning to the term "CENTER," which increases the similarity between the marks. Additionally, Plaintiff and Defendants are both engaged in the business of providing goods and services related to musical instruments and rentals of studio space to the same class of consumers within the same local market.

26. Upon information and belief, Defendants have been engaged in the manufacture, distribution, provision, advertising, promotion, offering for sale, and sale of goods and services using the Infringing Mark throughout the United States via the internet. Attached hereto as Exhibit C is a true and correct screenshot displaying an example of Defendants' use of the Infringing Mark on Defendants' website.

27. Upon information and belief, the goods and services Defendants have manufactured, recorded, distributed, provided, promoted, marketed, advertised, offered for sale, and/or sold under the Infringing Mark are highly related to Plaintiff's Products. Plaintiff and Defendants are effectively direct competitors, marketing to the same consumers with the same interests, offering the same types of goods and services.

28. Upon information and belief, Defendants have manufactured, distributed, recorded, provided, marketed, advertised, promoted, offered for sale, and sold their goods and services under the Infringing Mark in interstate commerce by advertising through the internet and by other means including retail sales and rentals to consumers.

29. Upon information and belief, Defendants offer and sell their goods and services under the Infringing Mark to consumers interested in musical instruments and rentals of studio space, which constitutes the same class of consumers Plaintiff offers its goods and services to.

30. Despite negotiation attempts and cease-and-desist letters which

provided clear notice of their infringing conduct, Defendants have not halted their activities or responded to Plaintiff's efforts, instead continuing to offer their infringing products and services to consumers. Defendants' actions thus constitute knowing infringement.

31. Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendants' goods and services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' goods and services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

32. Because of the similarity of the marks and relatedness of the goods at issue, consumers have a high likelihood of mistakenly confusing Defendants' offerings with Plaintiff's Products.

33. Plaintiff has also documented at least seven instances of confusion among consumers regarding Defendants' Infringing Mark and the false association created by the Infringing Mark with Plaintiff in the brief period that Defendants' store has been active.

34. Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's Mark, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's Products to Defendants. Defendant Kaufman has a prior business relationship with Plaintiff, as Defendant Kaufman acted as an independent contractor providing music lessons to Defendant Kaufman's students via rentals of Plaintiff's studio space at Plaintiff's storefront. Because of this prior business relationship, Defendants were aware of Plaintiff's valuable intellectual property rights before Defendants' acts of infringement occurred.

35. Defendants' acts are causing and, unless restrained, will continue to cause incalculable damage and immediate irreparable harm to Plaintiff and to its

valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## COUNT I

## UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)(1)(A)

36. Plaintiff realleges and incorporates by reference Paragraphs 1 through 35 of the Complaint as though fully set forth herein.

37. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods and services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

38. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

39. Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

40. Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no other adequate remedy at law.

42. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-

judgment interest.

## COUNT II

## FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)(1)(B)

43. Plaintiff realleges and incorporates by reference Paragraphs 1 through 35 of the Complaint as though fully set forth herein.

44. Defendants' unauthorized use in commerce of Plaintiff's Mark and/or a confusingly similar variation thereof as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' alleged goods and services, and likely to cause consumers to believe, contrary to fact, that Defendants' goods and services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

45. Defendants' unauthorized use in commerce of Plaintiff's Mark and/or a confusingly similar variation thereof as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

46. Upon information and belief, Defendants' conduct as alleged herein is willful, is intended to, is likely to, and has caused confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

47. Defendants' conduct as alleged herein constitutes false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

48. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no other adequate remedy at law.

49. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under §§ 34 and 35 of the

Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT III

## UNFAIR COMPETITION UNDER Cal. Bus. & Prof. Code § 17200, et seq.

50. Plaintiff realleges and incorporates by reference Paragraphs 1 through 49 of the Complaint as though fully set forth herein.

51. By engaging in the acts and practices as alleged throughout this Complaint, Defendants have committed acts of unfair competition, as that term is defined and used in the Cal. Bus. & Prof. Code § 17200, et seq., which prohibits "any unlawful, unfair, or fraudulent business act or practice. . ."

52. Under California law, a business practice is unlawful if it is forbidden by law.

53. Under the UCL, whether a business practice is "fair" involves a balance of the impact of such conduct on its alleged victims versus the reasons, justification, and motive of the alleged wrongdoer.

54. Plaintiff is within the class intended to be protected by California Business & Professions Code § 17200.

55. As alleged throughout this complaint, Defendants, and each of them, have intentionally, deliberately, and willfully engaged in infringing actions upon Plaintiff's Mark without express authorization and/or consent of Plaintiff. Specifically, Defendants, without the consent and/or authorization of Plaintiff, have intentionally, deliberately, and willfully used and/or otherwise exploited Plaintiff's Mark and/or confusingly similar variations thereof in commerce, in an effort to advertise, promote, market, solicit, and sell Defendants' goods and services.

56. Additionally, as delineated herein, Defendants have intentionally, deliberately, and willfully copied and/or otherwise used Plaintiff's Mark and/or confusingly similar variations thereof in connection with their efforts to advertise,

promote, market, solicit, and sell their competing goods and services.

57. Such acts as delineated within this Complaint, taken cumulatively, against Defendants rise to the level of deceptive, unfair, unlawful, and wrongful conduct.

58. By reason of Defendants' deceptive, unfair, unlawful, and wrongful conduct, Defendants have violated California Business & Professions Code § 17200, by consummating an unlawful, unfair, and fraudulent business practice, designed to intentionally deceive the consuming public into believing that Defendants and the goods and services being offered in commerce by Defendants are endorsed by and/or otherwise affiliated with Plaintiff.

59. Specifically, as a consequence of Defendants' acts and omissions, Plaintiff is entitled to a preliminary and permanent injunction against Defendants restraining them, and each of them, from misappropriation and false utilization of Plaintiff's Mark as well as any confusingly similar variations thereof from any further effort, publication, or act and omission which has the effect of leading Plaintiff's customers and the general public into believing there is any affiliation of any kind whatsoever between Plaintiff and Defendants.

60. The actions of Defendants are willful and malicious. Therefore, Plaintiff is entitled to exemplary damages in an amount necessary and sufficient to ensure that no further incidents, replication, or similar occurrence regarding the rights of Plaintiff occur at any time in the future and is a message that such obstinate and despicable conduct is not tolerated in a civilized society.

## COUNT IV

## COMMON LAW TRADEMARK INFRINGEMENT

61. Plaintiff realleges and incorporates by reference Paragraphs 1 through 35 of the Complaint as though fully set forth herein.

62. Plaintiff has established significant goodwill and favorable public recognition in Plaintiff's Mark through extensive use of the mark throughout

1  California and in interstate commerce in connection with Plaintiff's goods and
2  services.
3      63.    Without Plaintiff's consent, authorization, or knowledge, Defendants
4  have used and continue to use Plaintiff's Mark and/or a confusingly similar
5  variation thereof in connection with the sale, offering for sale, distribution,
6  provision, or advertising of Defendants' goods and services, thereby trading upon
7  the goodwill associated with Plaintiff, and misleading the public into believing a
8  connection or association exists between Defendants and Plaintiff.
9      64.    Defendants' acts of infringement have caused and are likely to cause
10 consumer confusion and to mislead and deceive the consuming public as to the
11 source of Defendants unauthorized goods or services, enable Defendants to pass
12 off their unauthorized goods or services as Plaintiff's goods or services, and
13 falsely suggest a connection between Defendants and Plaintiff. Defendants'
14 actions thus violate the common law of the State of California.
15     65.    As a direct and proximate result of Defendants' infringing activities,
16 Plaintiff has suffered and will continue to suffer significant damage in the form of
17 loss of revenue, income, profits, and goodwill, which will increase if not enjoined,
18 and Defendants have unfairly acquired and will continue to unfairly acquire
19 revenue, income, profits, and goodwill and unjustly enrich themselves at
20 Plaintiff's expense.
21     66.    Defendants' trademark infringement will also continue to cause
22 irreparable harm if Defendants are not restrained by this Court from further
23 violation of Plaintiff's rights. Plaintiff has no adequate remedy at law for all of the
24 harm being caused to Plaintiff, particularly in respect of the loss of Plaintiff's
25 goodwill, market share, and mark and brand control due to Defendants'
26 infringement. Plaintiff is therefore entitled to and seeks temporary and permanent
27 injunctive relief.
28     67.    Defendants' infringement was and is tortious, malicious, outrageous,

oppressive, fraudulent, made in bad faith, and in conscious disregard of Plaintiff's rights. Accordingly, in addition to general and compensatory damages, Plaintiff should be awarded exemplary, punitive, and treble damages sufficient to punish and make an example of Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and requests judgment against Defendants as follows:

1. That Defendants have violated Section 43(a) of the Lanham Act (15 U.S.C. §§ 1125(a)(1)).

2. That Defendants have violated California Business & Professions Code § 17200, et seq., and California common law.

3. That Defendants actions in performing the above acts were willful.

4. Granting an injunction preliminarily and permanently enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

   a. manufacturing, distributing/providing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute/provide, sell, market, advertise, or promote goods and services bearing the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Mark;

   b. engaging in any activity that infringes Plaintiff's rights in Plaintiff's Mark;

   c. engaging in any activity constituting unfair competition with Plaintiff;

   d. making or displaying any statement, representation, or

         depiction that is likely to lead the public or the trade to believe that (i) Defendants' goods or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff, or (ii) Plaintiff's goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Defendants;

        e.    using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

        f.    registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating Infringing Mark or any other mark that infringes or is likely to be confused with Plaintiff's Mark, or any of Plaintiff's Products, or Plaintiff as their source; and

        g.    aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f).

5.    Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's goods or services.

6.    Directing Defendants to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of

1  any and all packaging, labels, catalogs, shopping bags, containers, advertisements,
2  signs, displays, and other materials that feature or bear any designation or mark
3  incorporating the Infringing Mark or any other mark that is a counterfeit, copy,
4  simulation, confusingly similar variation, or colorable imitation of Plaintiff's
5  Marks, and to direct all distributors, retailers, wholesalers, and other individuals
6  and establishments wherever located in the United States that distribute, advertise,
7  promote, sell, or offer for sale Defendants' goods or services to cease forthwith
8  the display, distribution, marketing, advertising, promotion, sale, and/or offering
9  for sale of any and all goods, services, packaging, labels, catalogs, shopping bags,
10 containers, advertisements, signs, displays, and other materials featuring or
11 bearing the Infringing Mark or any other mark that is a counterfeit, copy,
12 simulation, confusingly similar variation, or colorable imitation of the Plaintiff's
13 Mark, and to immediately remove them from public access and view.

14     7. Directing that Defendants recall and deliver up for destruction all
15 goods, packaging, shopping bags, containers, advertisements, promotions, signs,
16 displays, stickers, and related materials incorporating or bearing the Infringing
17 Mark or any other mark that is a counterfeit, copy, confusingly similar variation,
18 or colorable imitation of Plaintiff's Mark.

19     8. Directing Defendants to formally abandon with prejudice any and all
20 of their applications to register the Infringing Mark or any mark consisting of,
21 incorporating, or containing Plaintiff's Mark or any counterfeit, copy, confusingly
22 similar variation, or colorable imitation thereof on any state or federal trademark
23 registry.

24     9. Directing Defendants to cancel with prejudice any and all of their
25 registrations for the Infringing Mark or any mark consisting of, incorporating, or
26 containing Plaintiff's Mark or any counterfeit, copy, confusingly similar variation,
27 or colorable imitation thereof on any state or federal trademark registry.

28     10. Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. §

1116(a)), Defendants to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendants of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

11. Awarding Plaintiff an amount up to three times the amount of their actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

12. Directing that Defendants account to and pay over to Plaintiff all profits realized by their wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

13. Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

14. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff their costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

15. Ordering Defendants to transfer ownership of the website www.ocmusicshop.com to Plaintiff.

16. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

///

///

///

17. Awarding such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: September 16, 2025        By: /s/ Andrew Robert Cowan
                                 Andrew R. Cowan, Esq.
                                 andrew@camutilaw.com
                                 CAMUTI LAW GROUP APC
                                 33 Brookline
                                 Aliso Viejo, CA 92656
                                 Telephone: 949.716.5565

                                 *Attorneys for Plaintiff*

- 17 -
COMPLAINT